**McManimon, Scotland & Baumann, LLC**
427 Riverview Plaza
Trenton, NJ 08611
609-695-6070 (phone)
Andrea Dobin, Esq. (adobin@msbnj.com)
Gianna M. Casola, Esq. (gcasola@msbnj.com)
*Counsel to Andrea Dobin,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DONNA DEROSA-RUQUERT,<br><br>Debtor. | Case No. 21-12459(KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHAPTER 7 TRUSTEE TO STRIKE CLAIM OF EXEMPTION**

**BACKGROUND FACTS**

On March 25, 2021 (the "**Petition Date**"), the debtor Donna DeRosa-Ruquert ("**Debtor**") filed her voluntary petition for relief under Chapter 7, Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "**Bankruptcy Code**"). On April 21, 2021, Andrea Dobin was appointed as the Trustee ("**Trustee**"), and she duly qualified for and accepted such appointment. The Debtor indicated an intent to claim federal bankruptcy exemptions pursuant to 11 U.S.C. § 552(b)(2) by checking the relevant box, yet asserted the non-Bankruptcy Code-based exemptions in the body of Schedule "C".

The Debtor and her husband, Scott Ruquert ("**Husband**") are the owners of two pieces of real estate, 226 Potters Drive ("**Potters Drive Property**"), and 621 Bay Boulevard ("**Bay Boulevard Property**") (collectively the "**Properties**"). The Trustee presided over the First Meeting of Creditors on April 21, 2021 at which time she identified an issue concerning the

Debtor's claim of exemption in the Bay Boulevard Property. She adjourned the First Meeting to May 14, 2021 to enable her to review the claim of exemption. The Trustee now seeks the Court's intervention to strike the claimed non-compliant exemption.[1]

The Debtor asserted on her petition that she and her Husband reside at the Potters Drive Property. On Schedule A/B, the Debtor listed the Potters Drive Property as a single-family home, with herself and another person owning it as tenants in common. Further on her Schedule A/B, the Debtor listed the Bay Boulevard Property as another single-family home, with herself and another holding title as tenants by the entireties. The Bay Boulevard Property is identified as an investment property.

On Schedule C, the Debtor claimed the Bay Boulevard Property as exempt by application of § 522(b)(3)(B); for the Potters Drive Property, she claimed as exempt by application of § 522(d)(1). The Debtor is alleging that 100% of the fair market value of the Bay Boulevard Property is exempt pursuant to section 522(b)(3)(B) which provides as follows:

> Property listed in this paragraph is–
>
> ***
>
> (B)
>
> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law;

The Debtor does not include the state statutory basis for the Bay Boulevard Property on Schedule C.

[1] The Debtor has filed a Motion to Convert which is returnable before the hearing on this Motion. It may seem wasteful for the Trustee to be making this Motion in this procedural posture. However, the Debtor must be made aware of the fact that her claim of exemption under § 522(b)(3)(B) is improper lest she be lulled into believing that the equity in the subject property need not be considered when she structures a Chapter 13 Plan.

**LEGAL ARGUMENT**

The Debtor fails to explain the basis for exemption of the Bay Boulevard Property under state law. The Trustee submits that this is because there is none. Although the Debtor asserts that she is claiming a New Jersey state exemption for the Bay Boulevard Property, she fails to cite to any New Jersey statute that entitles her to the same. Instead, the Debtor only cites to § 522 (b)(3)(B) of the Bankruptcy Code as if it were self-proving. In fact, the Debtor must demonstrate that her interest in the Bay Boulevard Property is "exempt from process" under New Jersey law.

The specific language of 522(b)(3)(B) is the starting point–what does it mean to be "exempt from process" such that the Debtor can exempt the Bay Boulevard Property by application of this section? The analysis of this language must start with its plain meaning. *In re Stoner*, 47 B.R. 410, 415 (Bankr. D.N.J. 2013) (*citing U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240-41 (1989) ("[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.")). The online version of Black's Law Dictionary defines "Exemption from Service of Process" as "a term where a person will not be served a summons or subpoenas while he is performing a public duty."[2] Under New Jersey law, tenant by entireties property is not exempt from service of process. In fact, state and federal courts applying New Jersey law "have found a debtor's interest in entireties property is subject to process…." *State Farm Mut. Auto. Ins. Co. v. Snyder*, 2013 WL 5948089, at *6 (E.D.Pa. November 6, 2013) (Sanchez, J.) (*citing United States v. Grello*, 2010 WL 4181059, at *9 (D.N.J. Oct. 20, 2010)); *Belding & Bernhard, Inc. v. Advokat*, 2007 WL 1108926, at *7 (App. Div. Apr. 16, 2007).

The most recent articulation of New Jersey tenant by entirety law is recited in *Jimenez v. Jimenez*, 454 N.J. Super. 432 (App. Div. 2018). A close review of this decision makes it clear that

[2] https://thelawdictioary.org/exemption-from-service-of-process/

the law does not establish a blanket protection of entireties property from process. In *Jimenez*, the Appellate Division found that N.J.S.A. 46:3-17.4, prohibited a spouse's creditor from obtaining the forced *partition* of real property that the spouse owned together with his non-debtor spouse as tenants by the entirety. *Id.* at 433. The *Jimenez* decision clarifies the effect of N.J.S.A. 46:3-17.4, which was passed in 1988, by providing that "[n]either spouse may sever, alienate, or otherwise affect their interest in the tenancy by the entirety during the marriage or upon separation without the written consent of both spouses." Prior to the adoption of this statute, creditors of one owner could force *partition* if they were able to prove they were entitled to such a remedy as a matter of equity. *See Newman v. Chase*, 70 N.J. 254, 262 (1976). Thus, the law is clear with *Jimenez*, which distinguishes "partition" from "service of process" and allows for continued service of process on the Debtor.

Although creditors cannot force *partition*, they are still free to pursue remedies against the owner of property owned as tenant by the entireties and, in doing so, serve such owners with process. One New Jersey Bankruptcy Court opinion summarized that "New Jersey allows the creditors of either spouse to reach his interest in entireties property, subject, however, to the other spouse's right of survivorship." *In re Etoll (Straffi v. Etoll)*, 425 B.R. 742, 748 (Bankr. D.N.J. 2010) (Lyons, J.).

The prohibition on *partition* is not the equivalent of a prohibition on *suit*. A judgment creditor is entitled to sue an obligor and, once judgment is entered, obtain a lien on all real property titled in the name of the judgment creditor. *In re Arevalo*, 142 B.R. 111, 112 (Bankr. D.N.J. 1992). Further, "New Jersey has long recognized that a lien may attach to the interest of one spouse in property held by the entireties." *United States v. Avila*, 88 F.3d 229, 234 (3d Cir. 1996). Applying this rubric, the U.S. District Court for the District of New Jersey has recently held that "New Jersey law does not exempt a creditor's interest in property held by the entirety." *Tarquinio v. Tarquinio*

*(In re Tarquinio)*, 2017 WL 5707538, at *6 (D.N.J. November 27, 2017) (Sheridan, J.) (affirming Bankruptcy Court decision denying Debtor's exemption under 522(b)(3))[3].

Further, as recently as March 2019, this Court in *In re Gorochko*, Case No. 19-10480, held that New Jersey entireties property is subject to process and cannot be exempted under § 522(b)(3)(B). This Court noted that it was not swayed by an outlier decision from the Eastern District Court of Pennsylvania, in where that court held the language of the New Jersey statute, in particular the amendment passed in 1988, mandated a decision that the tenant by the entirety property was now exempt under § 522(b)(3)(B). *In re Wanish*, 555 B.R. 196, 500 (Bankr. E.D. Pa. 2016). This Court further remarked that entireties property could not be exempted pursuant to non-bankruptcy *federal* tax law. *Id.* (*citing United States v. Cardaci*, 856 F.3d 267, 274 (3d Cir. 2017) ("Since the [debtor's] martial home is fair game under federal tax law, it can indeed be disposed of by a forced sale under 26 U.S.C. § 7403(c).")).

Considering entireties properties are subject to process and therefore not exempt pursuant to § 522(b)(3)(B) under New Jersey or federal law, the Debtor's claim of exemption for the Bay Boulevard Property under § 522(b)(3)(B) cannot withstand close scrutiny. It must be stricken, and the long-standing law of this District be reinforced. To wit, New Jersey state law *allows* service of process on and against property held by tenants by the entireties such that § 522(b)(3)(B) has no application and provides the Debtor with no remedy. Thus, the Debtor's claim of exemption must be stricken.

---

[3] Although not expressly stated in the opinion, public records demonstrated that the real property in *Tarquinio* was acquired after the effective date of the 1988 amendment and, thus, was entitled to the protections afforded by the amendment, if any.

**CONCLUSION**

In light of the foregoing, it is respectfully requested that this Court grant the Trustee's motion and strike the Debtors' 11 U.S.C. § 522(b)(3)(B) claimed exemptions.

Respectfully,

**MCMANIMON, SCOTLAND & BAUMANN, LLC**
Counsel to Andrea Dobin, Chapter 7 Trustee

Dated: May 11, 2021

By: /s/ Andrea Dobin
Andrea Dobin
Gianna M. Casola