UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Donna DeRosa-Ruquet
226 Potters Drive
Bayville, NJ 08721

FILED
JEANNE A. NAUGHTON, CLERK
MAY 24 2021
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY ______ DEPUTY

In Re:
Donna DeRosa-Ruquet

Case No.: 21-12459
Chapter: 7
Hearing Date: June 1, 2021
10:00 a.m.

Judge: Hon. Kathryn Ferguson

**RESPONSE/OBJECTION TO TRUSTEE'S MOTION TO STRIKE CLAIM OF EXEMPTION FOR 621 BAY BOULEVARD BAYVILLE NEW JERSEY 08721**

---

**DEBTOR DONNA DEROSA-RUQUET of full age hereby** certifies as follows:

1. The Debtor and her husband, Scott Ruquet are the owners of 621 Bay Boulevard as Tenants By The Entirety (TBTE) by Deed, filed in the Ocean County Clerk's office in Book 11959 on page 1812. Debtor's son also has an interest in the property as a Joint Tenant with Right To Survivorship (JTWROS) by Deed filed in the Ocean County Clerk's Office in Book 13224 on page 1806.
2. The debtor is not a borrower on the loan that secures the lien on the property.
3. Legal process (sometimes simply process) is any formal notice or writ by a court, obtaining jurisdiction over a person or property. Common forms of process include a summons, subpoena, mandate, and warrant.

4. Bankruptcy Code § 522(b)(3)(B) exempts from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law.
5. Because property law in general and the law of co-tenancies in particular are creatures of state law, the applicable non-bankruptcy law referenced in section 522(b) is the relevant state law.
6. Filing a petition for relief under the Bankruptcy Code does not sever a tenancy by the entirety. *In re Brannon*, 476 F.3d 170, 176 (3d Cir. 2007). A debtor's undivided interest in tenancy by the entirety property becomes property of the bankruptcy estate. *Id.*, at 174. The question then becomes whether a debtor may exempt entireties property and, if so, to what extent.
7. As defined by statute, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). What constitutes property of the estate is to be interpreted broadly. United States v. Whiting Pools, 462 U.S. 198, 204- 05 (1983). "In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law." Barnhill v. Johnson, 503 U.S. 393, 398 (1992). Thus, unless some federal interest requires a different result, property interests in bankruptcy are to be analyzed under applicable state law to "reduce uncertainty, discourage forum shopping, and to prevent a party from receiving a windfall merely by reasons of the happenstance of bankruptcy." Butner v. United States, 440 U.S. 48, 55 (1979); see also Nobelman v. Am. Sav. Bank, 508 U.S. 324, 329 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has left the determination of property rights in the assets of a bankrupt's estate to state law, since such property interests are created and defined by state law.").
8. Section 522(b) of the Bankruptcy Code does not create an additional federal exemption with regard to concurrently owned property, but simply recognizes that such exemption may be permitted under state law. Consequently, once a property interest has passed to the estate, it is generally subject to the same limitations imposed by applicable non-bankruptcy law. Thus, a creditor who is precluded from reaching concurrently owned property under state law is equally precluded from reaching such property under the Bankruptcy Code.

9. The critical language of § 522(b)(2)(B) of the Bankruptcy Code—allowing a bankruptcy exemption for TBE property "to the extent" that state law makes such property "exempt from process"—is not elucidated by the legislative history. However, the apparent intent of the provision is to provide, in bankruptcy, a level of protection from claims of creditors identical to the protection that owners of entireties property would have in collection proceedings outside of bankruptcy, under applicable state law, and the provision has been so interpreted by the courts.
10. Courts have consistently held that, in order to be exempt under § 522(b)(2)(B), entireties property need not be listed in a formal state exemption statute, but may merely be simply protected, either by the common law or a separate statute, against enforcement proceedings by creditors holding certain claims. To the extent that the property is thus "immune from process" under state law, it is exempt under § 522(b)(2)(B). In re Ford, 3 B.R. 559, 573-75 (Bankr. D. Md. 1980), aff'd sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir. 1981); Napotnik v. Equibank & Parkvale Sav. Ass'n, 679 F.2d 316, 319 (3d Cir. 1982); In re Hunter, 970 F.2d 299, 307 (7th Cir. 1992).
11. The majority of states recognizing tenancy by the entirety hold that a creditor of one spouse cannot reach the debtor spouse's share in the property. In most of those states, however, courts allow creditors to execute on property held in a tenancy by the entirety where both spouses are jointly indebted. Under such a scenario, to the extent the debtor and the non-debtor spouse are indebted jointly, property held in tenancy by the entirety may not be subject to full exemption. In the instant case the debtor and her husband are not co-borrowers on the loan that that secures the lien on the property.
12. In 1988, the New Jersey Legislature fundamentally changed New Jersey tenancy by the entireties law, including expanding entireties protection to personal property in addition to real estate. *N.J.S.A.* §§ 46:3-17.2—46:3-17.4 (the "Act"). The legislature made the changes effective solely as to property interests acquired on or after the effective date of the legislation, which is April 4, 1988. Property interests acquired prior to that date appear to be governed by the common law as interpreted by the New Jersey courts prior to the passage of the Act. *Freda v. Commercial Tr. Co.*, 118 N.J. 36, 40 (1990).

13. The critical language of the Act is set forth at *N.J.S.A.* § 46:3-17.4 which expressly prohibits either spouse from *severing, alienating or otherwise affecting their respective interests in the tenancy during the marriage or upon separation without the written consent of the other*. (emphasis added). The above-cited statutory language is sweeping in its asset protection scope. Based on its plain meaning, it is right to question whether a single creditor of only one debtor spouse could execute and levy in any manner on entireties property acquired on or after the effective date of the Act outside of bankruptcy during the joint lives of the married couple.

14. The judgment creditor's right to levy upon and sell a judgment debtor's interest in entireties property is well settled in New Jersey, with many cases recognizing that right and no published New Jersey case holding the opposite. *See e.g., King v. Greene*, 30 N.J. 395, 412-13 (1959); *Newman v. Chase*, 70 N.J. 254, 260 (1976); *Freda v. Commercial Trust Co.,* 118 N.J. 36, 45 (1990).

15. Where the husband and wife are co-borrowers, the Courts have been very clear in their analysis of a creditor's right to seek and execute a levy against co-borrower spouses. "In sum, New Jersey allows the creditors of either spouse to reach his interest in entireties property, subject, however, to the other spouse's right of survivorship." *In re Etoll (Straffi, Trustee v. Etoll),* 425 B.R. 743, 748 (Bankr. D.N.J. 2010) (reviewing the history of tenancy by the entirety law in New Jersey).

16. In the instance that a husband and wife are not co-borrowers and the non-exempt judgment debtor's interest is partitioned and sold, the purchaser at the sale of the judgment debtor's entireties interest acquires the right of survivorship of the debtor spouse as well as the interest of the debtor spouse in the life estate for the joint lives of husband and wife. *Newman v. Chase*, 70 N.J. at 260. In other words, "the purchaser becom[es] a tenant in common with the remaining spouse for the joint lives of the husband and wife." *Freda v. Commercial Trust Co.,* 118 N.J.

17. The purchaser will succeed to an undivided fee simple interest in the real property if the judgment debtor survives the non-debtor spouse, and conversely the non-debtor spouse will succeed to the entire fee simple interest if he or she survivors the judgment debtor. *Newman v. Chase*, 70 N.J. at 260.

18. Conversely, in accord with the general rule that the Code applies state law limitations on enforcement of claims against entireties property, the extent of the entirety exemption varies with respect to the claims against the debtor individually. Where state law provides

that a creditor with a claim against only one tenant by the entirety cannot obtain any interest in the entireties property, courts have held that the property is fully exempt as to such individual claims. See, e.g., Coughlin v. Cataldo (In re Cataldo), 224 B.R. 426, 429 (9th Cir. B.A.P. 1998),

19. In the instant case, the debtor is not a borrower on the loan that secures the lien on the property. Accordingly, the lien holder does not hold a right of claim against the debtor, thus the debtor is exempt from process and the exemption claimed of 100% of the fair market value on the real property known as 621 Bay Boulevard Bayville NJ 08721, is valid and just.

20. For this reason the debtor respectfully request the Court enter an Order denying the Trustee's Motion to strike the claim.

May 22, 2021

Donna DeRosa-Ruquet

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$7.95
Origin: 08721
05/22/21
3305100803-1

PRIORITY MAIL 1-DAY®

0 Lb 2.60 Oz
1005

EXPECTED DELIVERY DAY: 05/24/21

C034

SHIP TO:
402 E STATE ST
Trenton NJ 08608-1507

USPS TRACKING® #

9505 5148 3276 1142 3666 88

UN... POS... ...TY®

- Expected deliver...
- Most domestic s...
- USPS Tracking® i...
- Limited internati...
- When used inter...

...apply).*
...tions.
...overage.

*Insurance does not co...
Domestic Mail Manual
** See International Ma...

FLAT RA...
ONE RATE ■ A...

TRACKE...

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

...ckage Pickup,
...code.

USPS.COM/PICKUP

FROM:
DeRosa. Ruquet
226 Potters Dr.
Bayville NJ 08721

TO:
United States
Bankruptcy Court
402 East State
Trenton, NJ
086